SEALED
FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2025 OCT 21 PM 3:06
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAVIER CABRERA,<br>KHALIL ROBINSON, and<br>RAMIRO TREJO<br><br>    Defendants. | 8:25CR222<br><br>INDICTMENT<br><br>18 U.S.C. §§ 1344 & 1349<br>18 U.S.C. §§ 1343<br>18 U.S.C. §§ 1344 & 2<br>18 U.S.C. §§ 1708<br>18 U.S.C. § 1704 |

The Grand Jury charges that

## INTRODUCTION

At all times material herein:

1. Truist Bank is a financial institution headquartered in Charlotte, North Carolina, and is insured by the Federal Deposit Insurance Corporation ("FDIC").

2. First National Bank of Omaha is a financial institution headquartered in Omaha, Nebraska, and is insured by the FDIC.

3. Union Bank and Trust is a financial institution headquartered in Lincoln, Nebraska, and is insured by the FDIC.

4. JPMorgan Chase Bank is a financial institution headquartered in New York, New York, and is insured by the FDIC.

5. Pinnacle Bank is a financial institution headquartered in Omaha, Nebraska, and is insured by the FDIC.

6. Telegram is a cloud-based instant messaging service that offers users the ability to send and receive end-to-end encrypted messages to users around the word. A Telegram channel

allows users to disseminate messages to Telegram users who subscribe to the channel. Each Telegram user has a user ID and a username. A user ID cannot be changed and is preceded by an "@" symbol. A username can be changed by the user.

## COUNT I
### (Conspiracy to Commit Bank Fraud)

7. The factual allegations contained in paragraphs 1 through 6 of this Indictment are re-alleged as though fully set forth herein.

8. Beginning on a date unknown, but no later than about February 2024, and continuing until a date unknown, but not earlier than about April 2025, in the District of Nebraska and elsewhere, defendants JAVIER CABRERA, KHALIL ROBINSON, RAMIRO TREJO, and other individuals known and unknown to the Grand Jury did knowingly and willfully conspire, combine, confederate, and agree among each other and with other persons to commit bank fraud in violation of Title 18, United States Code, Section 1344.

9. It was a part and an object of the conspiracy that defendants JAVIER CABRERA, KHALIL ROBINSON, RAMIRO TREJO, and others known and unknown to the Grand Jury would and did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the FDIC, and to obtain money, funds, credits, assets, securities, and other property owned by, or under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

### PURPOSE OF THE CONSPIRACY

10. The purpose of the conspiracy was for defendants JAVIER CABRERA, KHALIL ROBINSON, RAMIRO TREJO, and their co-conspirators to enrich themselves by stealing and obtaining stolen mail, to include stolen checks; unlawfully altering or forging those stolen

2

checks; causing stolen or otherwise fraudulent checks to be deposited into bank accounts controlled by members of the conspiracy; withdrawing stolen money from bank accounts controlled by members of the conspiracy; and then unlawfully enriching themselves and other members of the conspiracy with the stolen funds.

### MANNER AND MEANS OF THE CONSPIRACY

Among the manner and means used by the conspiracy to achieve its unlawful objects and in furtherance of the scheme were the following:

11. It was part of the conspiracy that members of the conspiracy, including defendants JAVIER CABRERA and KHALIL ROBINSON, would steal, find, and make arrow key locks allowing members of the conspiracy to access United States Postal Service mail receptacles such as blue mail collection boxes.

12. It was part of the conspiracy that members of the conspiracy, including defendants JAVIER CABRERA and KHALIL ROBINSON, stole mail from United States mail receptacles in multiple states, including within the District of Nebraska, by utilizing arrow key locks or forcibly breaking into said mail receptacles, and obtained checks contained within the stolen mail.

13. It was part of the conspiracy that defendant JAVIER CABRERA would take a portion of those checks and market them for sale on his Telegram channel and via his Telegram account with user ID @coldest2DOIT. Telegram users would purchase those checks from defendant JAVIER CABRERA using mobile payment applications.

14. It was part of the conspiracy that defendants JAVIER CABRERA, KHALIL ROBINSON, and other members of the conspiracy would alter, duplicate, and forge unlawfully obtained checks.

15. It was part of the conspiracy that defendants JAVIER CABRERA, KHALIL ROBINSON, and RAMIRO TREJO would use messaging applications like Snapchat, Instagram, and Telegram; text messages; and other interstate wires to recruit individuals willing to deposit stolen or otherwise fraudulent checks into their bank accounts on behalf of the conspiracy and give defendants and members of the conspiracy access to their bank account after such deposits were made.

16. It was part of the conspiracy that defendants JAVIER CABRERA, KHALIL ROBINSON, RAMIRO TREJO, and other members of the conspiracy would cause others to deposit stolen or otherwise fraudulent checks at financial institutions in an effort to defraud those financial institutions and obtain money and funds under the custody and control of those financial institutions.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS II and III
(Wire Fraud)

17. The factual allegations contained in paragraphs 1 through 16 of this Indictment are re-alleged as though fully set forth herein.

18. On or about the date set forth in the table below for each count, within the District of Nebraska and elsewhere, defendant JAVIER CABRERA, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly did attempt to and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purposes of executing such scheme and artifice, as described below for each count.

| Count | Date | Wire Description |
|---|---|---|
| II | October 24, 2024 | Using Telegram @coldest2DOIT, posted on "Matrix Market" Telegram channel advertising for sale checks stolen from blue box mail receptacle in Lincoln, Nebraska, on October 20, 2024. Checks listed totaled $26,000.00. |
| III | November 20, 2024 | Using Telegram @coldest2DOIT and username Glassman, communicated with Telegram user Grub providing pictures of checks stolen from blue box mail receptacle in Omaha, Nebraska, providing price to purchase pictured check bundle, providing link to CashApp account for payment, and arranging shipment of stolen checks to user Grub. |

In violation of Title 18, United States Code, Section 1343.

### COUNTS IV through VII
### (Bank Fraud)

19. The factual allegations contained in paragraphs 1 through 16 of this Indictment are re-alleged as though fully set forth herein.

20. On or about the following dates set forth in the table below for each count, in the District of Nebraska and elsewhere, defendants JAVIER CABRERA, KHALIL ROBINSON, and RAMIRO TREJO, together with others known and unknown to the Grand Jury, aiding and abetting one another, knowingly and with intent to defraud, devised a scheme and artifice to obtain monies owned by, or under the custody of a financial institution, as set forth below, whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC") and the Federal Deposit Insurance Act, to wit, defendants JAVIER CABRERA, KHALIL ROBINSON, and RAMIRO TREJO, together with others known and unknown to the Grand Jury, aiding and abetting one another, fraudulently obtained and attempted to fraudulently obtain funds from the below listed entities by using stolen checks:

| Count | Name of Bank | Check # | Amount | Date | Payee |
|---|---|---|---|---|---|
| IV | Union Bank and Trust | 7010 | $4,500 | October 23, 2024 | Individual 1 |
| V | Pinnacle Bank | 21811 | $2,150 | October 24, 2024 | Individual 2 |
| VI | First National Bank of Omaha | 2677 | $3,528 | November 15, 2024 | Individual 1 |
| VII | First National Bank of Omaha | 1567 | $3,100 | January 15, 2025 | Individual 2 |

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT VIII
### (Possession of Stolen Mail)

21. On or about January 13, 2025, in the District of Nebraska, defendant KHALIL ROBINSON did conceal and unlawfully have in his possession postal cards, packages, mail, and articles contained therein which had been stolen, taken, embezzled, and abstracted from a letter box, mail receptacle, and mail route, which was an authorized depository for mail matter, knowing the said postal cards, packages, mail, and articles contained therein to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

## COUNT IX
### (Possession of Postal Key)

22. On or about January 13, 2025, in the District of Nebraska, defendant KHALIL ROBINSON did knowingly and unlawfully make, forge, and counterfeit a key suited to any lock adopted by the Post Office Department or the Postal Service and possessed such key with the intent to unlawfully or improperly use, sell, and otherwise dispose of the same, and caused the same to be improperly used, sold, and otherwise disposed of.

In violation of Title 18, United States Code, Section 1704.

## FORFEITURE ALLEGATION

23. The allegations contained in Counts 1 through 9 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

24. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343, 1344, and 1708, as set forth in Counts 1 through 8 of this Indictment, defendants JAVIER CABRERA, KHALIL ROBINSON, and RAMIRO TREJO shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

25. If any of the property described above, as a result of any act or omission of defendants JAVIER CABRERA, KHALIL ROBINSON, and RAMIRO TREJO:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL.

_____
FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

_____
SARAH A. HINRICHS, #24335
Assistant United States Attorney